IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE BOARD OF WATER AND ) | |
| SEWER COMMISSIONERS OF ) | |
| THE CITY OF MOBILE, ) | |
| ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 07-0870-CG-C |
| ) | |
| THE ALABAMA DEPARTMENT OF ) | |
| TRANSPORTATION; et al., ) | |
| ) | |
|     Defendants. ) | |

**ORDER**

This cause is before the court on the plaintiff's motion to remand (Doc. 16), opposition thereto filed by defendants, Alabama Department of Transportation, Duncan"Joe McInnes, and Ronnie Poiroux (Doc. 19), and opposition to remand filed by defendants, W.S. Newell, Inc. and W.S. Newell & Sons, Inc. (Doc. 20). The court finds that defendants have not met their burden of demonstrating that federal question jurisdiction exists over this case. Therefore, plaintiff's motion to remand is due to be granted.

**I.     BACKGROUND**

This cause of action was originally commenced in the Circuit Court of Mobile County on November 13, 2007. The case involves the alleged contamination or pollution of the drinking water supply of the City of Mobile by parties involved in the construction of a section of U.S. Highway 98 in Mobile County, Alabama. The complaint asserts seven causes of action seeking: 1) injunctive relief; 2) an order compelling defendants to comply with a December 6, 2007,

settlement agreement; 3) damages caused by the "dereliction and/or misconduct by Poiroux in his duties"; 4) damages for trespass upon plaintiffs' property right in Big Creek Lake; 5) damages for nuisance; 6) damages for negligence (for failing to conduct the highway project in a reasonably safe and environmentally sound manner); and 7) damages for wantonness.  The injunctive relief sought by the complaint consists of:

> an injunction requiring ALDOT and/or McInnes and/or Newell to perform their legal duties with respect to the environmental and wetland impact of the construction project on U.S. Highway 98, including but not limited to shutting down all construction along U.S. Highway 98, allowing independent experts to review and direct recommendations before the project is allowed to proceed, implementing original "Alternative 4" as the construction route for U.S. Highway 98, implementing adequate "best management practices" including soil stabilization practices, installation or construction of an adequate sediment basin, overall adequate environmental protection measures, and any and all other required legal or ministerial duties which are applicable to the facts as set forth herein.

(Complaint, ¶ 24).  The relief sought with regard to the December 6, 2007, settlement agreement also includes the implementation of adequate "best management practices." (Complaint, ¶ 27). The complaint alleges that defendants' actions "violated statutes, laws and regulations which include but are not limited to ALA. CODE §§ 23-1-40, 23-1-49, 23-1-59 as well as portions of the Alabama Administrative Code applicable to ALDOT activities." (Complaint, ¶ 23).  The complaint does not specifically allege that defendants have violated any federal laws.

Within 30 days of personal service on the first served defendant, this action was removed to this court pursuant to 28 U.S.C. § 1441.  The notice of removal asserts that this court "has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action presents claims arising under the laws of the United States, including 33 U.S.C. § 1251 et. seq. ('Clean Water Act'), 42 U.S.C. § 4321 et. seq. ('NEPA'), 5 U.S.C. § 701 et. seq. ('APA'), and or 23 U.S. C. § 101 et.

seq. (Federal Aid Highway Act)." (Doc. 1).

## II.  DISCUSSION

Federal courts are courts of limited jurisdiction. "On a motion to remand, the removing party bears the burden of establishing jurisdiction." Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir. 1996), overruled on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000)). Moreover, "[t]he removal statute should be construed narrowly with doubt construed against removal." Diaz, 85 F.3d at 1505 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941)).

The jurisdiction conferred by Article III, section 2 of the Constitution is codified in part in Title 28, section 1331 of the United States Code. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[1] And yet, this simple jurisdictional statement "masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8 , 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

Just as federal courts are courts of limited jurisdiction, the plaintiff is the master of his or her complaint. See, e.g., Hill v. BellSouth Telecommunications, Inc., 364 F.3d 1308, 1314 (11th Cir. 2004) ("the plaintiff is the master of the complaint, free to avoid federal jurisdiction by

---

[1] Of course, federal jurisdiction may also be premised on diversity of citizenship, see 28 U.S.C. § 1332 and removed pursuant to 28 U.S.C. § 1441(a)

3

pleading only state claims even where a federal claim is also available" (citation omitted)). However, "it is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." Franchise Tax Bd., 463 U.S. at 22.  "[I]f the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, federal question jurisdiction may nevertheless attach to the state-law claim." Hill, 364 F.3d at 1314 (citation and internal quotations omitted).

The Supreme Court has stated that a cause of action arises under federal law in one of three ways.  The most common circumstance is where federal law "creates the cause of action". Franchise Tax Board, supra, 463 U.S. at 8-9, quoting Justice Holmes in American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916).  A cause of action may also arise where "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims" or where "a federal cause of action completely preempts a state cause of action." Id., at 13, 24.

Plaintiff represents to this court that "it did not assert any federal causes of action in the complaint, and has no intention of pursuing any within the confines of this civil action." (Doc. 17, p. 3). Defendants concede that plaintiff's third through seventh causes of action appear to assert only state-law tort claims for damages. (Doc. 1, p. 3, n. 1).  However, defendants contend that the express allegations of the complaint raise claims under federal law and that plaintiff's right to relief depends on construction of federal laws.

**A. Express Allegations of the Complaint**

Defendants point to language in the complaint alleging that defendants' "acts violated statutes, laws, and regulations which include <u>but are not limited to</u>" certain Alabama statutes.

(Complaint, ¶ 23, emphasis added).  The complaint also states that plaintiff seeks an injunction requiring the defendants to "perform their legal duties with respect to the environmental and wetland impact of the construction project" and "any and all other required legal or ministerial duties which are applicable to the facts as set forth herein." (Complaint, ¶ 24).  Thus, although the complaint does not expressly state that defendants violated specific federal statutes or duties, its general language would encompass any federal rules and regulations that apply to the facts set forth in the complaint.  However, plaintiff represents that it did not assert any federal causes of action in the complaint and has no intention of pursuing any within the confines of this civil action.  The court notes that there is a significant jurisdictional difference between a post-removal clarification and a post-removal waiver.  While the former may be considered if the jurisdictional facts are not apparent on the face of the complaint at the time of removal, "the latter cannot be used to amend a complaint and thereby destroy federal jurisdiction that has already attached." Fuller v. Exxon Corp., 78 F.Supp.2d 1289, 1296-97 (S.D. Ala. 1999) (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938)). "If jurisdiction was proper at [the date of removal], subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction." Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002).  In this case, plaintiff's stipulation is consistent with the allegations in the complaint.  Since all doubts should be resolved in favor of remand, the court finds it appropriate to view plaintiff's representation as a clarification, rather than an amendment.  The court finds that defendants have not met their burden of demonstrating that the express allegations of the complaint assert a claim under the Constitution, laws, or treaties of the United States.

**B. Substantial Question of Federal Law**

Defendants contend that plaintiff's right to relief depends on the construction of federal laws. As stated above, removal is proper where "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims". Franchise Tax Board, 463 U.S. at 13. "[A] mere reference to a federal statute under a state law claim does not create federal question jurisdiction. Id. (citing Hill v. Marston, 13 F.3d 1548, 1550-52 (11th Cir. 1994)); see also Mannsfeld v. Phenolchemie, Inc., 466 F.Supp.2d 1266, 1269 (S.D. Ala. 2006) ( "The mere fact that a federal statute or regulation may be implicated and even require some interpretation is not sufficient to create federal jurisdiction."); Jairath v. Dyer, 154 F.3d 1280, 1282 (11th Cir. 1998) (stating that a state law claim containing an element related to a federal issue does not "automatically confer federal-question jurisdiction." citation omitted). Defendants contend that a federal question is presented because plaintiff's claim concerns the violation of a permit which was issued pursuant to federal statutes. The complaint references a "Notice of Violation" issued by the Alabama Department of Environmental Management ("ADEM"). The referenced violation is with regard to a National Pollution Elimination Discharge System (NPDES) permit which was issued by ADEM pursuant to Title 33 U.S.C. § 1342. The NPDES allows the EPA to delegate its authority directly to the states for the enforcement of federal requirements. The mere fact that a NPDES permit is involved does not necessarily indicate that a federal question is presented. For instance, if this suit involved ADEM's procedural or administrative rules regarding the issuance of NPDES permits, then such issues would likely not invoke federal jurisdiction. See Bishop v. Alabama Dept. of Environmental Management, 108 F.Supp.2d 1323, 1325 (M.D. Ala. 2000) (noting that it had

previously determined that it lacked federal question jurisdiction over a complaint which presented a challenge only under state law to the issuance of a NPDES permit under the State's procedures).  However, courts have found federal jurisdiction existed over suits alleging violations of a state-issued NPDES permit, at least where the action states that it was brought pursuant to the Clean Water Act. See e.g. Parker v. Scrap Metal Processors, Inc., 386 F.3d 993, 1005 (11th Cir. 2004) (" The plain language of the CWA and the relevant case law dealing with the CWA convince us that there is federal jurisdiction over citizen-suit claims that allege violations of a state-issued NPDES permit.").  The complaint in this case does not specifically state that the claims asserted are based on violations of the NPDES permit, although the complaint states that a notice of violation was issued.  A review of the notice of violation reveals that the Alabama laws it states have been violated are not the same laws that are specifically alleged in the complaint to have been violated.  The notice lists the circumstances which were found to constitute violations and states that they are violations "of the Alabama Water Pollution Control Act Code of Alabama, 1975, §§22-22-1 through 22-22-14, as amended, and ADEM Admin. Code Ch. 335-6-12.[2] (Attachment to Doc. 19, emphasis in original).  The complaint lists violations of ALA. CODE §§ 23-1-40, 23-1-49, 23-1-59 and "portions of the Alabama Administrative Code applicable to ALDOT activities." (Complaint, ¶ 23).  The Alabama Statutes cited in the complaint concern the duties and liabilities of ALDOT with regard to the construction of Alabama Highways.  Section 23-1-40 lists general duties and powers of the State Department of Transportation regarding the construction of roads; § 23-1-49 requires that the

---

[2] ALABAMA ADMINISTRATIVE CODE Chapter 335-6-12 establishes "a comprehensive Statewide program for stormwater management pursuant to the requirements of the National Pollutant Discharge Elimination System (NPDES)."

State Department of Transportation furnish a competent engineer when needed during the construction of a road; and § 23-1-59 gives the State Department of Transportation the power to adopt reasonable and necessary rules and regulations regarding the construction of roads and gives the State Department of Transportation the power to enter into certain contracts and agreements concerning the highways in this state. ALA CODE §§ 23-1-40, 23-1-49, 23-1-59. However, as discussed above, the complaint expressly states that the statutes cited are not all inclusive. The relief requested in the complaint includes the implementation of adequate "best management practices" which is a requirement imposed under the state NPDES permitting system. See e.g. ALA. ADMIN. CODE §§ 335-6-12-.02(c) (defining "Best Management Practices" (BMPs)); 335-6-12-.05 (requiring that the operator of construction activity "fully implement and regularly maintain effective BMPs..."). Thus, it appears that the complaint seeks compliance with the NPDES permit.[3] However, assuming the claims are based on violations of the NPDES permit, it is still not clear that federal question jurisdiction exists. The notice of violation does not reference any federal statutes or requirements. The notice only references violations of state law. Although, the state laws in question were enacted in compliance with the federal NPDES program. The parties have not offered, and the court has been unable to find, a case on point, where only violations of state law were alleged by the plaintiff and only state law violations were cited by the ADEM in its notice of violation. But see Ohio Valley Environmental Coalition v.

---

[3] Defendants also point out that "best management practices" are required by the wetlands fill permit issued by the U.S. Army Corps of Engineers issued under the Clean Water Act, specifically, 33 U.S.C. § 1344. However, the complaint does not mention the wetland fill permit and there is nothing in the complaint to indicate that the reference to "best management practices" stems from the wetlands permit. The mere possibility that the complaint refers to the wetland permit requirements is insufficient to establish jurisdiction.

Miano, 66 F.Supp.2d 805, 806 (S.D. W.Va. 1998) (finding removal proper where complaint alleged violation of 40 C.F.R. § 123.25(c), despite plaintiff's assertion that the provision had been incorporated into the West Virginia Division of Environmental Protection, because West Virginia was required to administer its NPDES program in a manner consistent with federal regulations).

Defendants also assert that the case is properly before this court because it involves the construction of federally funded highways. However, federal funding of the state's highway project does not confer federal jurisdiction over state regulated actions. See Madison v. Alabama Dept. of Transp., 2007 WL 1412403, *3 (M.D. Ala. 2007) (citing St. Michael's Convalescent Hosp. v. California, 643 F.2d 1369, 1373-74 (9th Cir. 1981) (commenting that "[federal regulations] do not convert acts of local and state governmental bodies into federal governmental acts")).[4]

---

[4] The Newell defendants cite Daye v. Commonwealth of Pennsylvania, 344 F.Supp. 1337, 1342 (E.D. Pa. 1972) as support to the contrary. The court finds Daye is distinguishable from the instant case. While Daye found that federal question jurisdiction existed over claims involving a state constructed federal highway, the complaint in that case asserted violations of the Federal-Aid Highway Act, 23 U.S.C. § 101 et seq. and the Highway Safety Act, 23, U.S.C. § 401 et seq. The other cases cited by defendants for similar premises all involve actions alleging violations of federal laws. See e.g. Concerned Citizens Coalition v. Federal Highway Admin, 330 F.Supp.2d 787 (W.D. La. 2004) (asserting violations of the Department of Transportation Act, 23 U.S.C. § 138); Assoc. Concerned About Tomorrow, Inc. v. Dole, 610 F.Supp. 1101 (N.D. Tex. 1985) (asserting violations of the National Environmental Policy Act of 1969 (NEPA)); Smith v. Central Ariz. Water Conservation Dist., 418 F.3d 1028, 1034 (9th Cir. 2005) (Court found that contracts "implementing federally-funded water reclamation projects are by nature necessarily federal." However the plaintiffs asserted claims pursuant to state and federal law and sought modification of subcontracts to a master contract between the state and the United States. The United States was a party to the master contract and to each of the relevant subcontracts.). The court also finds defendants' reliance on Boyle v. United Technologies Corp., 487 U.S. 500, 507, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988) to be unavailing. Boyle held that federal common law should apply to prevent government liability arising out of procurement activities related to national defense. Boyle, 487 U.S. at 507. The Boyle Court found that

Given the Eleventh Circuit's strong policy of favoring remand where there is a doubt as to the existence of federal jurisdiction, the court concludes that the motion to remand should be granted.

## CONCLUSION

For the reasons stated, the plaintiff's motion to remand (Doc. 16) is **GRANTED.**  It is **ORDERED** that this case be, and it hereby is, **REMANDED to the Circuit Court of Mobile County**, Alabama, pursuant to 28 U.S.C. § 1447(c).

**DONE and ORDERED** this 7th day of November, 2008.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

federal law preempts state law only in areas of "uniquely federal interests" where a "significant conflict exists between an identifiable federal policy or interest and the [operation] of state law or the application of state law would frustrate specific objectives of federal legislation." Id. at 504, 507 (internal quotations and citations omitted).  The court finds that defendants have not sufficiently established these factors.